ERIK BABCOCK, Cal. 172514
KEVIN MORLEY, Cal. 239826
Attorneys at Law
1212 Broadway, Suite 726
Oakland, CA 94612
510-452-8400 tel
510-452-8405 fax

Attorneys For Defendant Douglas Largaespada
On Behalf of All Defendants

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. CR 08-730 WHA |
| Plaintiff, | **NOTICE OF MOTION AND MOTION FOR DISCLOSURE OF CONFIDENTIAL INFORMANTS** |
| v. | |
| DOUGLAS LARGAESPADA, et al., | Date:  August 18, 2009<br>Time: 1:00 p.m. |
| Defendants. | Dept:  WHA |
| _____/ | |

TO:   ASSISTANT U.S. ATTORNEY WILSON LEUNG, ATTORNEY FOR
      PLAINTIFF:

      PLEASE TAKE NOTICE that on August 18, 2009 at 1:00 p.m., or as soon

thereafter as the matter may be heard, all defendants in this matter will and hereby do

move the court for orders requiring the government  (1) to identify the confidential

informants identified in the discovery as SA-1211-SF, SA-1218-SF, and CS-06-1222710,

and (2) to disclose whether it used any informants other than those informants identified in this motion.  Also, because of the large volume of discovery disclosed near the end of the cut-off period, defendants reserve any further informant motion until such time as counsel has reasonably been able to review all of the discovery.

## LAW AND ARGUMENT

**I.     THE PROSECUTION SHOULD BE ORDERED TO CONFIRM THE IDENTITIES OF INFORMANTS SA-1211-SF AND SA-1218-SF BECAUSE THERE IS NO PRIVILEGE TO WITHHOLD DISCLOSURE SINCE THE DEFENSE ALREADY KNOWS THEIR IDENTITIES**

The government used two main informants during the investigation of the defendants in this case, SA-1211-SF and SA-1218-SF (hereinafter 1211 and 1218).  These two informants were actually members of the so-called 20th Street MS-13 gang now charged as the racketeering enterprise in this case.  They were intimately involved with many of the defendants and their daily affairs during the heart of the charged conspiracy. Just by way of example, one of these informants rented a room and lived in the home of defendant Largaespada's mother.

In the discovery provided by the government thus far, these informers are never identified by name, however, only by their informant numbers. But given how much time these two informers spent with many of the defendants in this case, it should come as no surprise to the government that the defense already knows the identities of the informants: informant 1211 is Roberto Arturo Claros Acosta, and informant 1218 is Jamie Martinez.

Motion Re Informants
US v. Cerna et al., CR 08-730 WHA                                    2

Since the defense already knows the identities of the informants, the government's limited informer's privilege no longer applies.   "What is usually referred to as the informer's privilege is in reality the Government's privilege to withhold from disclosure the identity of persons who furnish information of violations of law to officers charged with enforcement of that law." *Roviaro v. United States,* 353 U.S. 53, 59, 77 S. Ct. 623, 1 L. Ed. 2d 639 (1957). The privilege's purpose is "the furtherance and protection of the public interest in effective law enforcement." *Id*.

However, where the defense already knows the identity of an informant, there is no privilege.  As the Supreme Court explained:

> The scope of the privilege is limited by its underlying purpose. Thus, where the disclosure of the contents of a communication will not tend to reveal the identity of an informer, the contents are not privileged. Likewise, once the identity of the informer has been disclosed to those who would have cause to resent the communication, the privilege is no longer applicable.

*Roviaro*, 353 U.S. at 60.

Here, the defense already knows who these two informers are: 1211 is Roberto Arturo Claros Acosta, and informant 1218 is Jamie Martinez.  Therefore, the government should be ordered to confirm the informer's proper names so that the defense can continue to investigate the informants in preparation for trial.

///

**II.    EVEN IF DEFENDANTS DO NOT KNOW THE INFORMANTS'
IDENTITIES, THEIR IDENTITIES MUST STILL BE DISCLOSED
BECAUSE THEY WERE PARTICIPANTS IN EVENTS CRITICAL TO
THE CASE**

If for some reason the defense had mis-identified informants 1211 and 1218, which

is possible given that they were known by street names[1], not legal names, the government

must still be ordered to disclose their true identities because they were participants to

critical events at issue in this case.

"Where the disclosure of an informer's identity . . . is relevant and helpful to the

defense of an accused . . . the trial court may require disclosure and, if the Government

withholds the information, dismiss the action." *Roviaro,* 353 U.S. at 60-61.  "Moreover,

when an informant is a participant in the events critical to the prosecution's case, no claim

may be raised under *Roviaro* that the informant's identity can be lawfully withheld from

the appellants -- disclosure is inherently 'relevant and helpful.'" *Barajas v. Wise*, 481 F.3d

474 (9Th Cir. 2007), quoting *United States v. Hernandez*, 608 F.2d 741, 744-45 (9th Cir.

1979).

Here, there can be no claim that the identities of informants 1211 and 1218 may be

withheld because both informants were participants in events that are critical to the

prosecution's case.   The discovery contains too many ICE reports relating to information

provided to these informants to completely summarize here.  However, a small sample

---

[1]   Acosta was known as El Zorro or Lil Bad Boy, and Jamie Martinez was "Mickey."

suffices to show that these informants were participants in gang activities that are critical

to the racketeering charges in this case.

ICE reports claim that informant 1211 had "extensive knowledge of MS-13

operations."  Exhibit A, p. R0001.  According to ICE reports, Informant 1211 began

having  "regular contact" with some MS 13 members in July, 2005.  *Id.* at R0002.  In July

of 2005, defendant Wilbert Castillo allegedly told 1211 that he had recently been officially

"jumped in" to the 20th Street clique and that he planned to have "Mara Salatrucha"

tattooed across his chest.  *Ibid.*  Castillo also allegedly claimed responsibility for one of 4

murders during July of 2005 that 1211 said were committed by MS 13 gang members.  *Id.*

at p. R0005.

Informant 1211 also provided ICE agents the identities of defendants he claimed

had positions of authority and leadership.  For example, he told ICE agents in July of 2005

that El Tigre, identified as Ivan Cerna, "is the leader of 20th Street along with Colmillo."

*Id.* at R0005, R0018.

This informant also told investigators that he attended "meetings" of various MS 13

gang members, identified what happened at these meeting, who attended them, and what

topics were discussed.  For example, he told investigators that on August 2, 2005 he

attended a meeting with defendants Cerna, Aristides Carcamo, and Marvin Carcamo,

among others, and that the group discussed the establishment of funds "for the purpose of

financing various areas of gang involvement," the need to have armed security at group

meetings, and the collection of "taxes" in the 20th Street area of San Francisco. *Id.* at p. R0028.

The information that informant 1211 provided to the investigators in this case about alleged activities and statements by various defendants goes on and on.   Informant 1211 is a material witness whose identity must be disclosed.

Likewise, informant 1218 was also present during events that are critical to the prosecution's proof of the charges in this case.  For example, 1218 told investigators that on February 4, 2006 attended a meeting of 20th Street gang members that was attended by defendants Cerna, Castillo, Flores, Palma, Garrido, Marvin Carcamo, and Largaespada, among others attending.   Informant 1218 stated that money was collected from the attendees. *Id.* at p. R0166.

Informant 1218 provided information about who was "jumped in" to the 20th Street gang, and which alleged gang members were present at these initiations.  *Id.*  at p. R0212.

Informant 1218 also discussed the buying and selling of narcotics with some defendants.  For example, on March 20, 2006 he placed a monitored call to defendant Castillo and asked about buying crack cocaine.  Castillo allegedly said he had a source who would provide it for $550.00 an ounce.

Informant 1218 also allegedly provided information about violent crimes committed by some defendants.  For example, informant 1218 allegedly heard defendant Palma state that he (Palma), Marvin Carcamo and another individual attacked a rival

Norteno gang member on October 10, 2007 with a .380 handgun.  *Id.*  at p. R0730.

These example are just a small but representative sample of the nature and type of information these two informants provided to law enforcement about the defendants in this case. This evidence overwhelmingly demonstrates that these two informants were participants in events that are critical to prosecution of this case.

Indeed, the allegations by these informants go to the heart of the RICO allegations against the defendants here.  The government has alleged that the defendants were not just involved in an ordinary street gang, but rather were participants in a racketeering enterprise that had leadership, was organized, held meetings, collected dues from members, and collected taxes from people who were working in their territory.   The two informants are material witnesses to all these issues, and more.

Under controlling Ninth Circuit law, the informants identities are relevant and helpful to the defense and their identities must be disclosed.

### III.    THE IDENTITY OF INFORMANT  CS-06-1222710 MUST BE DISCLOSED BECAUSE HE/SHE IS A MATERIAL WITNESS

Informant number CS-06-1222710 allegedly purchased two ounces of methamphetamine from defendants Sosa, Briez and Urias on January 23, 2007.   Exhibit A at p. 733-737.  This transaction is charged both as part of the conspiracy to distribute methamphetamine offense alleged at Count Twenty-Six, as well as the distribution of methamphetamine offense alleged at Count Thirty.  According to the pertinent DEA

Motion Re Informants
<u>US v. Cerna et al.</u>, CR 08-730 WHA                                                                7

report, the informant was the only participant in these events other than the defendants. *Ibid.* These events were recorded and agents were standing by. But given the informant's actual participation in allegedly buying methamphetamine from these three defendants, the informant is a material witness whose identity must be disclosed under *Roviaro*.

## IV. THE PROSECUTION SHOULD BE ORDERED TO DISCLOSE WHETHER IT USED ANY OTHER INFORMANTS DURING THE INVESTIGATION OF THIS CASE WHOSE USE HAS NOT BEEN REVEALED

Defendant requests that the government be ordered to disclose whether it used any informants other than the three informants identified in this motion during the investigation of this case. This request is made primarily because of the number "6" given to informant CS-06-1222710. The selection of that number raises the question whether other informants with lower number were used and that use has not been disclosed to the defense. If five informants were used to investigate the defendants before informant CS-06-1222710 was used, and none of those five informants provided any information of use to the government, that fact alone would be relevant and helpful to the defense.

Defendant therefore requests that the government be ordered to disclose whether it used any other informants.

## V. DEFENDANT RESERVES ANY FURTHER INFORMANT MOTIONS BASED ON THE VOLUME OF THE GOVERNMENT'S LATE DISCLOSURES

Since the court issued its scheduling order in March, the government has provided vast volumes of new discovery. The undersigned understands that approximately 150 new

Motion Re Informants
US v. Cerna et al., CR 08-730 WHA                                                                8

CDs of discovery were lodged with the discovery coordinator since the March order.   The

undersigned has not had the time to review the vast majority of that discovery.   The

undersigned counsel was in trial in <u>United States v. Swaid et al.</u> before Judge Jensen from

May 18, 2009 to June 24, 2009 and simply has not had the time to even begin thoroughly

reviewing such a massive volume of discovery.  The undersigned therefore does not know

whether any of this new discovery reveals that other informants were used in the

investigation of this case.  The undersigned undertook the filing of any informant

disclosure motions on behalf of all of the joint defense participants.  Defendant therefore

reserves any further informant motions based on the more recent discovery on behalf of all

defendants until such time as the entire discovery production can be reviewed.

///

///

///

///

///

///

///

///

///

///

Motion Re Informants
<u>US v. Cerna et al.</u>, CR 08-730 WHA                                                                    9

**CONCLUSION**

Defendant Largaespada requests that the court issue orders requiring the government to confirm the identity of informants 1211 and 1218, or disclosing their identities if the defendants are incorrect, and disclosing the identity of CS-6-12222710. The prosecution should also be ordered to disclose whether any additional informants beyond those three were utilized during the investigation of this case.

DATED: July 10, 2009                         Respectfully submitted,


                                             /S/Kevin Morley
                                             KEVIN MORLEY


                                             /S/Erik Babcock
                                             ERIK BABCOCK

                                             Attorneys for Defendant
                                             LARGAESPADA
                                             On Behalf of All Defendants

Motion Re Informants

## DECLARATION OF ERIK BABCOCK IN SUPPORT OF MOTION

I, Erik Babcock, declare as follows:

1.     I am counsel of record for defendant Douglas Largaespada in the above-
referenced matter;

2.     The facts in the preceding motion are based on my review of discovery
provided in this case, the relevant documents of which are being filed
concurrently with this motion as Exhibit A.  These documents are true and
correct copies of ICE reports that were furnished to the defense by the
prosecution in this case in the form they were produced to the defense.
Therefore, all of the redactions in the reports are redactions that were made
by the government, not the defense;

3.     Based on the defense investigation in this case, we believe informants 1211
and 1218 to be Roberto Arturo Claros Acosta, and Jamie Martinez,
respectively.

4.     I am informed that approximately 150 new CDs of discovery were lodged
with the discovery coordinator in this case after the court's March
scheduling order was filed.  The undersigned has not had the time to review
the vast majority of that discovery.   During a large part of that period the
undersigned counsel was involved in preparing for trial in United States v.

///

Motion Re Informants
US v. Cerna et al., CR 08-730 WHA                                                       11

Swaid et al., N.D. Cal. No. CR07-00126 DLJ.   The trial itself lasted from

May 18, 2009 to June 24, 2009.

I declare under penalty of perjury that the foregoing is true and correct.  Executed

this 10th day of July, 2009 at Oakland, California.


                              /S/Erik Babcock
_____

Motion Re Informants
US v. Cerna et al., CR 08-730 WHA                                    12