## Leung, Wilson (USACAN)

**From:** Leung, Wilson (USACAN)
**Sent:** Monday, July 27, 2009 4:22 PM
**To:** 'Ethan A. Balogh'
**Subject:** RE: United States v. Cerna: Brady Hearing

I can't make any representations on who the most "knowledgeable" witness might be. Same limitation would preclude me from submitting any declarations.

On a different note, I was advised by my witness people that the Government will not pay for Masalski's flight to the U.S. because he's not a Government witness and was subpoenaed by the defense. I've been advised that because he's a defense witness, the defense will have to pay, which I suppose means CJA/USMS?

**From:** Ethan A. Balogh [mailto:eab@colemanbalogh.com]
**Sent:** Monday, July 27, 2009 3:40 PM
**To:** Leung, Wilson (USACAN)
**Subject:** United States v. Cerna: Brady Hearing

Wilson,

Thanks for the message regarding Masalski in Caracas and Merendino's scheduled trip to Panama. Let's discuss these issues before you move for a continuance. (As I said on Friday, even if these agents are unavailable on August 4, we believe it preferable to present the SFPD and/or FBI testimony on that date, and hold another date to obtain any additional testimony if required.)

Also, perhaps there are other ways to address this issue. Do you agree that Masalski and Merendino are the two most knowledgeable ICE agents with respect to issues of discovery coordination, discovery review and coordination with the SFPD and other non-federal (i.e., local and international) law enforcement agencies? Do you agree that Agent Jacquez Flores is the most knowledgeable on the FBI side? It might be better for all parties to get an understanding of who the most knowledgeable witnesses are, and then to structure the hearing accordingly.

Also, while I understand the government does not intend to call any witnesses, do you think it would assist the Court to provide declarations in advance of the hearing setting forth in detail the facts underling "joint" efforts in this case, as well as the details about discovery review and the government's acts regarding obtaining materials from the SFPD and the other non-federal law enforcement agencies? This too could help streamline the hearing and possibly narrow areas of dispute.

Please feel free to respond here, or let's schedule a mutually convenient time to talk. I'm off to a meeting now, back circa 5 pm.

Regards,

EAB

**Ethan A. Balogh** | COLEMAN & BALOGH LLP | 225 Bush Street, Suite 1600 | San Francisco, CA 94104
Direct: 415.439.8347 | Facsimile: 415.373.3901 | www.colemanbalogh.com

NOTICE: This electronic message (including attachments) is protected by the Electronic Communications Privacy Act, 18 U.S.C. §§ 2510-2521 and is intended only for the use of the individual or entity to which it is addressed. The message is confidential, and may contain attorney-client information, attorney work-product or other privileged information. If you are not the intended recipient, you

1

are hereby notified that any use or dissemination of this message is strictly prohibited. If you received this message in error, please notify the sender by hitting the "Reply" button, then delete the message.