SUSAN RAFFANTI
483 Ninth Street, Suite 200
Oakland, CA 94606
SBN 120993
Tel.: 510/451-2825
sraffanti@gmail.com

JOHN T. PHILIPSBORN
507 Polk Street, Suite 350
San Francisco, CA 94102
SBN 83944
Tel: 415/771-3801
jphilipsbo@aol.com

Attorneys for
JONATHAN CRUZ RAMIREZ

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| UNITED STATES OF AMERICA, | No. CR 08-0730 WHA |
|---|---|
| Plaintiff, | JONATHAN CRUZ RAMIREZ'S FIRST EX PARTE PETITION FOR ISSUANCE OF WRIT OF HABEAS CORPUS AD TESTIFICANDUM |
| v. | |
| JONATHAN CRUZ RAMIREZ, et al., | |
| Defendants. | |

Defendant JONATHAN CRUZ RAMIREZ petitions the court for issuance of a Writ of Habeas Corpus Ad Testificandum to secure the presence of witness Marlon Lumang to testify at the trial of the instant case. This motion is filed ex parte for immediate determination by the court pursuant to N. D. Local Rule 47-3 based on the need to prevent Mr. Lumang's removal from the country and in order to give the U. S. Marshals adequate time to arrange for Mr. Lumang's transport from Texas, where he is currently incarcerated.

### STATEMENT OF FACTS

The discovery provided in this case includes a recording (DH 226) of a law enforcement

interview of Marlon Lumang, formerly a defendant in this case. In that interview, Mr. Lumang described his observations of and conversations with Douglas Largaespada, also previously charged and sentenced in this case, at the time of the shooting of Juan Rodriguez, aka "Patas", a homicide with which Jonathan Cruz Ramirez is charged in Counts Ten through Twelve of the indictment. In the interview, Marlon Lumang described Largaespada as acting crazy the day Patas was shot and as repeatedly calling people that day and asking about Patas. He also stated that Largaespada knew that his wife had had a baby with Patas, and that Largaespada seemed nervous and then relieved after Patas was killed..

Shortly after the Cruz Ramirez defense verified that the speaker in that recording was Marlon Lumang, the government provided undersigned counsel with the name of an ICE agent, Oscar Garza, and a fax number to which to send a subpoena for Mr. Lumang. Upon speaking with agent Garza, the defense learned that Mr. Lumang was in immigration detention in the South Texas Detention Center in Pearsall, Texas, that he had abandoned his BIA appeal of his deportation, and that he would therefore likely be deported within a matter of weeks. On March 29, 2011, the undersigned received an email from Supervisory Detention and Deportation Officer Janie Bennett, copy attached as Exhibit A, in which she informed the parties that the subpoena was inadequate to stop removal proceedings and that a writ from the judge would be required for ICE to turn over custody of the detainee to the U. S. Marshals.

## MEMORANDUM OF LAW

A criminal defendant has broad rights concerning the production of evidence. *See Taylor v. Illinois, 484 U.S. 400, 407-09, 98 L. Ed. 2d 798, 108 S. Ct. 646 (1988)*. Among them, as a fundamental element of due process, is the right to offer testimony of witnesses and to compel their attendance, if necessary, in support of a defense to criminal liability. *Washington v. Texas, 388 U.S. 14, 18-19, 18 L. Ed. 2d 1019, 87 S. Ct. 1920 (1967)*. Thus, the *Sixth Amendment to the United States Constitution* gives the criminally accused the right to offer testimony of favorable witnesses and "to have compulsory process for obtaining witnesses in his favor." U.S. Const. Amend. VI. The Supreme Court has held that the Compulsory Process Clause includes a criminal defendant's right to present witnesses or evidence in his defense "even though [such a right] is not expressly described

in so many words." *Taylor*, 484 U.S. at 409. The Compulsory Process Clause also protects a defendant from arbitrary rulings that impede presentation of his defense. *Government of the V.I. v. Mills*, 956 F.2d 443, 445 (3d Cir. 1992). "The latitude afforded the district court in making this determination is therefore considerably narrower than it is with respect to other decisions committed to its discretion." *United States v. Sims*, 637 F.2d 625, 629 (9th Cir. 1980) (quoting *United States v. Barker*, 553 F.2d 1013, 1019 (6th Cir. 1977)).

In the Ninth Circuit, a criminal defendant requesting a Writ of Habeas Corpus ad Testificandum must comply with Fed. R. Crim. Proc. 17(b), which looks for "a satisfactory showing . . . that the presence of the witness is necessary to an adequate defense." *United States v. Smith* 924 F.2d 889, 896, (9th Cir. 1991). The court has adopted the following standard on necessity:

> If the accused avers facts which, if true, would be relevant to any issue in the case, the requests for subpoenas must be granted, unless the averments are inherently incredible on their face, or unless the Government shows, either by introducing evidence or from matters already of record, that the averments are untrue or that the request is otherwise frivolous.

*United States v. Smith*, 924 F.2d at 896, quoting *United States v. Sims, supra*, 637 F.2d 625 at 627.

In this case, the witness, Marlon Lumang, has stated in a police interview that he witnessed incriminating statements and behavior by Douglas Largaespada at or around the time that Juan Rodriguez was shot. Clearly, this evidence is exculpatory to Mr. Cruz Ramirez with regard to Counts Ten through Twelve; the Government has acknowledged as much by providing the tape of the interview and assistance in locating Mr. Lumang. There is no other available source for this evidence and it is not cumulative to other evidence in the case. The presence of Mr. Lumang is therefore necessary to the defense of Mr. Cruz Ramirez.

DECLARATION OF SUSAN RAFFANTI

I, Susan Raffanti, hereby declare and state:

1. John Philipsborn and I represent defendant Jonathan Cruz Ramirez;

2. I have personally listened to the recorded interview titled DH226 and have accurately described some of the contents thereof in the instant petition..

3. On March 10, 2011, I received and email from Wilson Leung providing me with the name Oscar Garza and a fax number to use if I wanted to subpoena Marlon Lumang. I faxed a

1  subpoena for Marlon Leung to testify at Mr. Cruz Ramirez's trial to Mr. Garza the next day.
2  Approximately a week later I received a return call regarding Mr. Lumang's status; Agent Garza
3  informed me that Marlon Lumang was in ICE custody at the South Texas Detention Center in
4  Pearsall, Texas and that he would have to talk to his supervisor about the subpoena.  Attached as
5  Exhibit A is a true copy of the email I received from Janie Bennett on March 29, 2011.
6  　　　　I declare under penalty of perjury that the foregoing is true and correct.
7  　　　　Signed April 3, 2011 in Oakland, California.

　　　　　　　　　　　　　　　　　　　　　　　　　　_____/s/_____
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　Susan Raffanti

## PETITION FOR WRIT OF HABEAS CORPUS AD TESTIFICANDUM

　　　　Based on the foregoing, petitioner Jonathan Cruz Raffanti, by and through his counsel, John Philipsborn and Susan Raffanti,, respectfully requests that this Court issue a Writ of Habeas Corpus Ad Testificandum for the person of Marlon Lumang, whose jailor is set forth in the requested Writ attached hereto.  Petitioner avers that the presence of Marlon Lumang will be necessary before the United States District Court, the Honorable William Alsup at 7:30 a.m. on May 2, 2011 in the Northern District of California, and thereafter as required.

　　　　Wherefore, petitioner requests that the court order issuance of the attached Writ of Habeas Corpus ad Testificandum as presented..

　　　　　　　　　　　　　　　　　　　　　　　　Dated: April 3, 2011


　　　　　　　　　　　　　　　　　　　　　　　　By_____/s/_____
　　　　　　　　　　　　　　　　　　　　　　　　Susan Raffanti

　　　　　　　　　　　　　　　　　　　　　　　　SUSAN RAFFANTI
　　　　　　　　　　　　　　　　　　　　　　　　JOHN T. PHILIPSBORN
　　　　　　　　　　　　　　　　　　　　　　　　Attorneys for
　　　　　　　　　　　　　　　　　　　　　　　　JONATHAN CRUZ RAMIREZ

　　　　IT IS SO ORDERED.

　　　　Date:　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　　　　　William Alsup
　　　　　　　　　　　　　　　　　　　　　　　　U. S. District Court

Petition for Writ of Habeas Corpus ad Testificandum　　　　　　　　　　　　　　　　4



Susan Raffanti <sraffanti@gmail.com>

# United States v. Cruz Ramirez CR 08-00730 WHA
1 message

**Bennett, Janie E <Janie.Bennett@dhs.gov>**  Tue, Mar 29, 2011 at 10:03 AM
To: wilson.leung@usdoj.gov
Cc: "Garza, Oscar B" <oscar.b.garza@dhs.gov>, "Salaiz, Federico R" <federico.salaiz@dhs.gov>, sraffanti@gmail.com, "Nielsen, Justin" <Justin.Nielsen@dhs.gov>, "Callahan, Patrick" <Patrick.Callahan2@dhs.gov>, "Orr, James M" <james.orr@dhs.gov>

Sir,

I am in receipt of the attachment sent to my office by a Susan Raffanti, an attorney in Oakland, CA. I am writing this to inform you that this person is the subject of a Final Order of Deportation, and we are proceeding with all efforts to obtain a travel document to effect his removal from the United States. I have discussed this issue with our attorneys and I was advised that the subpoena is not enough for us to stop removal proceedings. If you feel this person is needed in this trial you or Ms. Raffanti will have to produce a Writ from a Judge in order for us to turn over custody to the U.S. Marshalls. We do not normally maintain an individual in our custody for civil or criminal proceedings.

If you should have any questions please feel free to contact me either via email or at the numbers listed below my name.

Thank you.

Janie E Bennett

Supervisory Detention & Deportation Officer
Immigration and Customs Enforcement
566 Veterans Drive
Pearsall, Texas 78061
Office (210) 231-4556 FAX (210) 231-4639
Cell & BB (210) 385-6531

*Warning: This document is UNCLASSIFIED/FOR OFFICIAL USE ONLY (U//FOUO). It contains information that may be exempt from public release under the Freedom of Information Act (5 U.S.C. 552). It is to be controlled, stored, handled, transmitted, distributed, and disposed of in accordance with DHS policy relating to FOUO information and is not to be released to the public or other personnel who do not have a valid "need-to-know" without prior approval of an authorized DHS official. No Portion of this report should be furnished to the media, either in written or verbal form.*



EXHIBIT A