MELINDA HAAG (CABN 132612)
United States Attorney

MIRANDA KANE (CABN 150630)
Chief, Criminal Division

W.S. WILSON LEUNG (CABN 190939)
WIL FRENTZEN (LABN 24421)
Assistant United States Attorneys

   450 Golden Gate Avenue, Box 36055
   San Francisco, California 94102
   Telephone: (415) 436-6758/7301
   Facsimile: (415) 436-6753
   E-Mail: wilson.leung@usdoj.gov

Attorneys for the United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | No. S3-CR-08-0730-WHA |
| ) | |
| v. ) | GOVERNMENT'S RESPONSE TO DEFENDANT'S REQUEST FOR LIMITING INSTRUCTION (DOCKET #4103) |
| ) | |
| IVAN CERNA, et al., ) | |
| ) | |
| Defendants. ) | |

The Government respectfully submits this Response to defendant Moris Flores's request for limiting instructions. The Court, of course, has discretion when deciding whether and how to issue a limiting instruction. See, e.g., United States v. Beltran-Garcia, 179 F.3d 1200, 1205 (9th Cir. 1999). Here, the Court has already advised the jury that some of the evidence it has heard will be of limited use. There is no further need to instruct the jury now. Indeed, providing the jury with a piece-meal instruction (telling them they cannot consider the evidence for one count but can consider the evidence for three other counts) without first instructing them on the counts

themselves would merely confuse the jury.[1] Flores's request for a limiting instruction puts the cart before the horse.

Flores does a disservice to the Court by overstating the holding of United States v. Sauza-Martinez, 217 F.3d 754, 760 (9th Cir. 2000). In Sauza-Martinez, the Ninth Circuit held that it was plain error for the district court not to provide *sua sponte* a limiting instruction when the prosecution *twice* admitted into evidence a post-arrest statement of a co-defendant that also directly implicated the defendant in the charged offenses. See 217 F.3d at 758-59. In other words, the district court erred by failing to instruct the jury that an un-Brutonized post-arrest statement by a co-defendant was only admissible against the co-defendant.[2]

In contrast, the evidence about which Flores complains — so-called "pre-majority" evidence of firearms possession — is *directly admissible* against Flores, albeit not without restraints: such evidence is admissible against Flores to prove up the racketeering-related conspiracies charged in Counts One, Two, and Three, but not admissible to prove up the substantive 924(c) offense charged in Count Four. Thus, Sauza-Martinez — which involved the failure to limit the use of evidence that was indisputably and totally inadmissible against the defendant — is completely inapposite.

The Court should deny Flores's request.

Dated: April 28, 2011

                                   Respectfully submitted

                                   MELINDA HAAG
                                   United States Attorney

                             By: /s/
                                   W.S. Wilson Leung
                                   Wil Frentzen
                                   Assistant United States Attorneys

---

[1] As the Court has noted recently, jury confusion is not a proper defense.

[2] During trial, the Court has properly instructed the jury each time a defendant's testimonial admission has been offered that the admission is admissible only against the declarant defendant.