1
2
3
4
5
6
7
8        UNITED STATES DISTRICT COURT
9       NORTHERN DISTRICT OF CALIFORNIA
10        SAN FRANCISCO DIVISION
11   UNITED STATES OF AMERICA,      )     No. CR 08-730 WHA
                                    )
12          v.                      )
                                    )
13                                  )     **GOVERNMENT'S PROPOSED**
                                    )     **JURY INSTRUCTIONS**
14   IVAN CERNA, et al.,            )
                                    )
15          Defendants.            )
                                    )
16   _____   )
17
18
19
20
21
22
23
24
25
26
27
28

The Government respectfully submits the following Proposed Jury Instructions for the Court's consideration.  The Government would respectfully request the opportunity to revise these proposed instructions and to submit additional proposed jury instructions for the Court's consideration in the future as the evidentiary record is developed during trial and in response to the defendants' proposed instructions.

**Instruction 1:  Duty of Jury to Find Facts and Follow Law**

Members of the jury, now that you have heard all the evidence, it is my duty to instruct you on the law which applies to this case.  A copy of these instructions will be available in the jury room for you to consult.

It is your duty to find the facts from all the evidence in the case.  To those facts you will apply the law as I give it to you.  You must follow the law as I give it to you whether you agree with it or not.  And you must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy.  That means that you must decide the case solely on the evidence before you.  You will recall that you took an oath promising to do so at the beginning of the case.

In following my instructions, you must follow all of them and not single out some and ignore others; they are all equally important.  You must not read into these instructions or into anything the court may have said or done any suggestion as to what verdict you should return—that is a matter entirely up to you.

See Ninth Circuit Model Instructions 1.1, 3.1.[1]

---

[1] Unless otherwise indicated, references to the Ninth Circuit Model Instructions refer to the 2010 edition.

Government's Proposed Jury Instructions
CR 08-730 WHA                    2

**Instruction 2:  Charge Against Defendant Not Evidence/Presumption of Innocence/Burden of Proof**

The indictment is not evidence.  The defendant has pleaded not guilty to the charge.  The defendant is presumed to be innocent and does not have to testify or present any evidence to prove innocence.  The government has the burden of proving every element of the charge beyond a reasonable doubt.

See Ninth Circuit Model Instruction 1.2.

1

**Instruction 3:  Defendant's Decision Not to Testify**

2

3      A defendant in a criminal case has a constitutional right not to testify.  No

4 presumption of guilt may be raised, and no inference of any kind may be drawn, from the

5 fact that the defendant did not testify.

6

7      See Ninth Circuit Model Instruction 3.3.

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

2

**Instruction 4:  Defendant's Decision to Testify**

3

     The defendant has testified.  You should treat this testimony just as you would the

4

testimony of any other witness.

5

6

<u>See</u> Ninth Circuit Model Instruction 3.4.

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**Instruction 5:  Reasonable Doubt—Defined**

Proof beyond a reasonable doubt is proof that leaves you firmly convinced that the defendant is guilty.  It is not required that the government prove guilt beyond all possible doubt.

A reasonable doubt is a doubt based upon reason and common sense and is not based purely on speculation.  It may arise from a careful and impartial consideration of all the evidence, or from lack of evidence.

If after a careful and impartial consideration of all the evidence, you are not convinced beyond a reasonable doubt that the defendant is guilty, it is your duty to find the defendant not guilty.  On the other hand, if after a careful and impartial consideration of all the evidence, you are convinced beyond a reasonable doubt that the defendant is guilty, it is your duty to find the defendant guilty.

<u>See</u> Ninth Circuit Model Instruction 3.5.

**Instruction 6:  What is Evidence**

The evidence from which you are to decide what the facts are consists of:

      (1) the sworn testimony of any witness;

      (2) the exhibits which have been received into evidence; and

      (3) any facts to which all the lawyers have stipulated.

<u>See</u> Ninth Circuit Model Instruction 1.3.

**Instruction 7:  What is Not Evidence**

In reaching your verdict you may consider only the testimony and exhibits received into evidence.  Certain things are not evidence and you may not consider them in deciding what the facts are.  I will list them for you:

1.  Arguments and statements by lawyers are not evidence.  The lawyers are not witnesses.  What they have said in their opening statements, closing arguments, and at other times is intended to help you interpret the evidence, but it is not evidence.  If the facts as you remember them differ from the way the lawyers state them, your memory of them controls.

2.  Questions and objections by lawyers are not evidence.  Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence.  You should not be influenced by the question, the objection, or the court's ruling on it.

3.  Testimony that has been excluded or stricken, or that you have been instructed to disregard, is not evidence and must not be considered.  In addition some testimony and exhibits have been received only for a limited purpose; where I have given a limiting instruction, you must follow it.

4.  Anything you may have seen or heard when the court was not in session is not evidence.  You are to decide the case solely on the evidence received at the trial.

See Ninth Circuit Model Instruction 1.4.

Government's Proposed Jury Instructions
CR 08-730 WHA                              8

**Instruction 8:  Direct and Circumstantial Evidence**

Evidence may be direct or circumstantial.  Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did. Circumstantial evidence is proof of one or more facts from which you could find another fact.  You should consider both kinds of evidence.  The law makes no distinction between the weight to be given to either direct or circumstantial evidence.  It is for you to decide how much weight to give to any evidence.

See Ninth Circuit Model Instruction 1.5.

**Instruction 9:  Credibility of Witnesses**

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe.  You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account:

      (1) the opportunity and ability of the witness to see or hear or know the things testified to;

      (2) the witness's memory;

      (3) the witness's manner while testifying;

      (4) the witness's interest in the outcome of the case and any bias or prejudice;

      (5) whether other evidence contradicted the witness's testimony;

      (6) the reasonableness of the witness's testimony in light of all the evidence; and

      (7) any other factors that bear on believability.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify.

<u>See</u> Ninth Circuit Model Instruction 1.7.

1

**Instruction 10:  Activities Not Charged**

2

3        The defendants are on trial only for the crimes charged in the indictment, not for

4    any other activities.

5

6        <u>See</u> Ninth Circuit Model Instruction 3.10.

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**Instruction 11:  Separate Consideration of Multiple Counts — Multiple Defendants**

A separate crime is charged against one or more of the defendants in each count.  The charges have been joined for trial.  You must decide the case of each defendant on each crime charged against that defendant separately.  Your verdict on any count as to any defendant should not control your verdict on any other count or as to any other defendant.

All the instructions apply to each defendant and to each count [unless a specific instruction states that it applies only to a specific [defendant/count].]

See Ninth Circuit Model Instruction 3.13.

**Instruction 12:  Statements by Defendant**

You have heard testimony that some of the defendants made a statement.  It is for you to decide:  (1) whether the defendant made the statement, and (2) if so, how much weight to give to it.  In making those decisions, you should consider all of the evidence about the statement, including the circumstances under which the defendant may have made it.

<u>See</u> Ninth Circuit Model Instruction 4.1.

**Instruction 13: Impeachment Evidence — Witness**

You have heard evidence that [witness] [specify basis for impeachment].  You may consider this evidence in deciding whether or not to believe this witness and how much weight to give to the testimony of this witness.

See Ninth Circuit Model Instruction 4.8.

**Instruction 14:  Testimony of Witness — Special Circumstances**

You have heard testimony from _____, a witness who:

[received immunity.  That testimony was given in exchange for a promise by the government that she will not be prosecuted.]

[received benefits/compensation from the government.]

[pleaded guilty to crimes pursuant to a cooperation agreement with the government in the hope of receiving leniency.]

In evaluating this witness's testimony, you should consider the extent to which or whether his/her testimony may have been influenced by this factor.  In addition, you should examine his/her testimony with greater caution than that of other witnesses.

See Ninth Circuit Model Instruction 4.9.

**Instruction 15:  Government's Use of Undercover Agents and Informants**

You have heard testimony regarding undercover agents and informants who may have been involved in the government's investigation in this case.  Law enforcement officials are not precluded from engaging in stealth and deception, such as the use of informants and undercover agents, in order to apprehend persons engaged in criminal activities.  Undercover agents and informants may properly make use of false names and appearances and may properly assume the roles of members in criminal organizations. The government may utilize a broad range of schemes and ploys to ferret out criminal activity.

See Ninth Circuit Model Instruction 4.10.

1

2

**Instruction 16:  Eyewitness Identification**

3        You have heard testimony of eyewitness identification.  In deciding how much

4   weight to give to this testimony, you may take into account the various factors mentioned

5   in these instructions concerning credibility of witnesses.

6

7        In addition to those factors, in evaluating eyewitness identification testimony, you

8   may also take into account:

9            (1) the capacity and opportunity of the eyewitness to observe the offender

10           based upon the length of time for observation and the conditions at the time

11           of observation;

12           (2) whether the identification was the product of the eyewitness' own

13           recollection or was the result of subsequent influence or suggestiveness;

14           (3) any inconsistent identifications made by the eyewitness;

15           (4) the witness's familiarity with the subject identified;

16           (5) the strength of earlier and later identifications;

17           (6) lapses of time between the event and the identification[s]; and

18           (7) the totality of circumstances surrounding the eyewitness' identification.

19

20        See Ninth Circuit Model Instruction 4.11.

21

22

23

24

25

26

27

28

Government's Proposed Jury Instructions
CR 08-730 WHA                        17

1
2

**Instruction 17:  Opinion Evidence**

3        You have heard testimony from persons who, because of education or experience,

4   are permitted to state opinions and the reasons for their opinions.

5

6        Opinion testimony should be judged just like any other testimony.  You may accept

7   it or reject it, and give it as much weight as you think it deserves, considering the witness'

8   education and experience, the reasons given for the opinion, and all the other evidence in

9   the case.

10

11        See Ninth Circuit Model Instruction 4.14.

12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**Instruction 18:  Charts and Summaries in Evidence**

Certain charts and summaries have been received into evidence.  Charts and summaries are only as good as the underlying supporting material.  You should, therefore, give them only such weight as you think the underlying material deserves.

See Ninth Circuit Model Instruction 4.16.

**Instruction 19: Jury to be Guided by Official English Translation/Interpretation**

You have heard the testimony of certain witnesses or recordings or seen materials written in Spanish.

The evidence you are to consider and on which you must base your decision is only the English-language interpretation of the witness's testimony or the English-language transcription and translation of a recording or document.  Although some of you may know Spanish, you must disregard any meaning of the Spanish words that differs from the English-language interpretation or transcription and translation.

You must not make any assumptions about a witness or party based solely upon the use of an interpreter to assist that witness or party.

<u>See</u> Ninth Circuit Model Instruction 1.12.

**Instruction 20: Stipulations of Fact**

The parties have agreed to certain facts that have been stated to you.  You should therefore treat these facts as having been proved.

See Ninth Circuit Model Instruction 2.4.

**Instruction 21: Evidence for Limited Purpose**

You heard evidence that was admitted only for a limited purpose. [Describe evidence.]  I instruct you that this evidence was admitted only for the limited purpose of [describe purpose] and, therefore, you must consider it only for that limited purpose and not for any other purpose.

See Ninth Circuit Model Instruction 2.11.

**Instruction 22:  Count One—Racketeering Conspiracy**

Each defendant is charged in Count One of the indictment with conspiring to participate in the conduct of the affairs of a racketeering enterprise, in violation of Section 1962(d) of Title 18 of the United States Code.  In order for the defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

First, during the time period charged in the indictment, there was an agreement between two or more persons to participate in the conduct of the affairs of the racketeering enterprise charged in the indictment — that is, MS-13 — through a pattern of racketeering and that a conspirator would commit at least two acts of racketeering;

Second, the defendant became a member of the conspiracy knowing of at least one of its objects and intending to help accomplish it.

As I will explain to you later, the crime of conspiracy is completed once an agreement is made to violate the law.  The criminal agreement need not be successful and no conspirator need even do anything in order for the crime of conspiracy to be committed.

See 18 U.S.C. § 1962(c) and (d); Salinas v. United States, 522 U.S. 52, 65 (1997) (holding that 18 U.S.C. § 1962(d) does not require commission of any overt act); see, e.g., United States v. Fiander, 547 F.3d 1036 (9th Cir. 2008) (holding that defendant need not commit underlying substantive offense in order to violate 18 U.S.C. § 1962(d)).

I will now define some relevant legal terms for you.

Enterprise:

An "enterprise" includes any partnership, corporation, association, or other legal entity, and any union or group of individuals associated in fact although not a legal entity, the activities of which did or would affect interstate commerce.

See 18 U.S.C. §§ 1961(4); 1962(c).


Pattern of Racketeering Activity:

A "pattern of racketeering activity" is at least two racketeering acts that have a relationship to each other and they amount to or pose a threat of continued criminal activity. All twelve of you must agree on the same two or more racketeering acts that form a pattern of racketeering activity. Conduct forms a pattern if it consists of criminal acts that have the same or similar purposes, results, participants, victims, or methods of commission, or otherwise are interrelated by distinguishing characteristics. Sporadic activity or widely separated and isolated criminal activity does not form a pattern of racketeering activity.

Because the charge is conspiracy, no one actually need to have actually committed a pattern of racketeering. Rather, so long as there was an agreement by two or more individuals that a pattern of racketeering would be committed, the agreement alone is sufficient to establish this element of the conspiracy.

Let me also tell you that a pattern of racketeering can consist of two or more different types of racketeering acts, or it can consist of two or more instances of the same racketeering act.

See 18 U.S.C. § 1961(5); Salinas v. United States, 522 U.S. 52, 65 (1997) (holding that 18 U.S.C. § 1962(d) does not require commission of any overt act); United States v. Glecier, 923 F.2d 496, 499-501 (7th Cir. 1991) (holding that specific racketeering acts need not be alleged or proven under 18 U.S.C. § 1962(d)).

Racketeering Acts

The following crimes are alleged as racketeering acts for the racketeering conspiracy charged in Count One. As I explained to you earlier, there is no requirement that any conspirator actually have committed any of these racketeering acts. Rather, the crime of racketeering conspiracy is the *agreement* to conduct the affairs of MS-13 through a pattern of racketeering, that is, the conspirators agreed that a member, any member, of the conspiracy *would commit* the following racketeering acts, even if no one *actually committed* any racketeering act

*Murder*:

Murder consists of the following elements:

First, the person committed an act that caused the death of another person; and

Second, when the person acted, he had a state of mind called malice aforethought.

There are two kinds of malice aforethought, express malice and implied malice. Proof of either is sufficient to establish the state of mind required for murder.

The person acted with express malice if he unlawfully intended to kill.

The person acted with implied malice if:
(1) He intentionally committed an act;
(2) the natural consequences of the act were dangerous to human life;
(3) at the time he acted, he knew his act was dangerous to human life; and
(4) he deliberately acted with conscious disregard for human life.

Malice aforethought does not require hatred or ill will toward the victim. It is a mental state that must be formed before the act that causes death is committed. It does not require deliberation or the passage of any particular period of time.

*Attempted Murder*:

Attempted murder consists of the following elements:

First, the person took at least one direct but ineffective step toward killing another person; and

Second, the person intended to kill the other person.

A "direct step" requires more than merely planning or preparing to commit murder or obtaining or arranging for something needed to commit murder. A direct step is one that goes beyond planning or preparation and shows that a person is putting his or her plan into action. A direct step indicates a definite and unambiguous intent to kill. It is a direct movement towards the commission of the crime after preparations are made. It is an immediate step that puts the plan in motion so that the plan would have been completed if some circumstance outside the plan had not

interrupted the attempt.

*Conspiracy to Commit Murder*:

Conspiracy to commit murder consists of the following elements:

First, the person intended to agree and did agree with one or more other people to intentionally and unlawfully kill;

Second, at the time of the agreement, the person and one or more of the other alleged members of the conspiracy intended that one or more of them would intentionally and unlawfully kill; and

Third, at least one of the alleged members of the conspiracy committed an overt act to accomplish the killing.

An "overt act" is an act by one or more of the members of the conspiracy that is done to help accomplish the agreed upon crime. The overt act must happen after the person has agreed to commit the crime. The overt act must be more than the act of agreeing or planning to commit the crime, but it does not have to be a criminal act itself.

*Solicitation of Murder*

Solicitation of murder consists of the following elements:

First, a person requested another person to commit or join in the commission of the crime of murder; and

Second, the person intended that the crime of murder be committed.

*Robbery*

Robbery consists of the following elements:

First, the person took property that was not his or her own;

Second, the property was taken from another person's possession and immediate presence;

Third, the property was taken against that person's will;

Fourth, the person used force or fear to take the property or prevent that person from resisting; and

Fifth, when the person used force or fear to take the property, he or she intended to deprive the owner of it permanently or to remove it from the owner's possession for so extended a period of time that the owner would be deprived of a major portion of the value or enjoyment of the property.

The person's intent to take the property must have been formed before or during the time that he or she used force or fear. If the person did not form this required intent until after using the force or fear, then he or she did nto commit robbery.

Government's Proposed Jury Instructions
CR 08-730 WHA                    26

*Attempted Robbery*

Attempted robbery consists of the following elements:

First, the person took a direct but ineffective step toward committing robbery; and

Second, the person intended to commit robbery.

A direct step requires more than merely planning or preparing to commit robbery or obtaining or arranging for something needed to commit robbery. A direct step is one that goes beyond planning or preparation and shows that a person is putting his or her plan into action. A direct step indicates a definite and unambiguous intent to commit robbery. It is a direct movement towards the commission of the crime after preparations are made. It is an immediate step that puts the plan in motion so that the plan would have been completed if some circumstance outside the plan had not interrupted the attempt.

*Conspiracy to Commit Robbery*

Conspiracy to commit robbery consists of the following elements:

First, the person intended to agree and did agree with one or more of other persons to commit robbery;

Second, at the time of the agreement, the persons and one or more of other alleged members of the conspiracy intended that one or more of them would commit robbery; and

Third, one or more persons committed an overt act to accomplish the robbery.

*Extortion*

Extortion consists of the following elements:

First, the person threatened to unlawfully injury or use force against another person;

Second, when making the threat or using force, the person intended to use that fear or force to obtain the other person's consent to give the person money or property;

Third, as a result of the threat or use of force, the other person consented to give the person money or property; and

Fourth, as a result of the threat or use of force, the other person then gave the defendant money or property.

The term consent has a special meaning here. Consent for extortion can be coerced or unwilling, as long as it is given as a result of the wrongful use of force or fear.

The threat or use of force must be the controlling reason that the other person consented. If the other person consented because of some other controlling reason, the person is not guilt of extortion.

The threat may involve harm to be inflicted by the person or by someone else.

1  *Attempted Extortion*

2  Attempted extortion consists of the following elements:

3  First, the person took a direct but ineffective step toward committing extortion; and

4  Second, the person intended to commit extortion.

5

6  *Conspiracy to Commit Extortion*

7  Conspiracy to commit extortion consists of the following elements:

8  First, the person intended to agree and did agree with one or more of other persons to commit extortion;

9  Second, at the time of the agreement, the person and one or more of other alleged members of the conspiracy intended that one or more of them would commit extortion; and

10

11  Third, one or more persons committed an overt act to accomplish the extortion.

12

13  *Narcotics Conspiracy*:

14  The crime of conspiracy to possess with intent to distribute and to distribute a controlled substance consists of the following elements:

15  First, there was an agreement between two or more persons either to distribute a controlled substance or to possess a controlled substance with the intent to distribute it;

16

17  Second, the defendant knew the agreement had an unlawful object or purpose; and

18  Third, the defendant joined in the agreement with the intent to further its unlawful object or purpose.

19

20  *Possession with Intent to Distribute Controlled Substance*:

21  Possession with intent to distribute a controlled substance consists of the following elements:

22

23  First, the person knowingly possessed the controlled substance; and

24  Second, the person possessed it with the intent to deliver it to another person.

25

26  *Witness retaliation and tampering*

27  Witness retaliation and tampering consists of the following alternative elements:

28  First, the person killed or attempted to kill another person; and

Government's Proposed Jury Instructions
CR 08-730 WHA                    28

Second, the person did so with the intent to prevent the attendance or testimony of another person in an official proceeding, or prevent the production of a record, document or other object in an official proceeding, or prevent the communication by any person to a law enforcement officer or judge of the United States of information relating to the commission or possible commission of a federal offense or a violation of conditions of probation, parole or release pending judicial proceedings.

Or:

First, the person used physical force or the threat of physical force against another person; and

Second, the person did so to cause or induce another person to withhold testimony, or withhold a record, document, or other object from an official proceeding, or to be absent from an official proceeding to which that person has been summoned by legal process; or to hinder, delay or prevent the communication by any person to a law enforcement officer or judge of the United States of information relating to the commission or possible commission of a federal offense or a violation of conditions of probation, parole or release pending judicial proceedings.

### *Obstruction of Justice*

Obstruction of justice consists of the following elements:

First, the person influenced, obstructed, or impeded, or tried to influence, obstruct, or impede the due administration of justice; and

Second, the defendant acted corruptly, or by threats or force, or by any threatening communication, with the intent to obstruct justice.

**Instruction 23: Counts One, Two and Three – Conspiracy Generally**

Count One, which I have just instructed you about, along with Counts Two and Three, which I will instruct you about shortly, are all conspiracy charges. At this point, I will provide you general instructions related to the law of conspiracy. They apply equally to Counts One, Two, and Three.

A conspiracy is a kind of criminal partnership — an agreement of two or more persons to commit one or more crimes. As I explained earlier, the crime of conspiracy is the *agreement* to do something unlawful; it does not matter whether the crime agreed upon was committed.

For a conspiracy to have existed, it is not necessary that the conspirators made a formal agreement or that they agreed on every detail of the conspiracy. It is not enough, however, that they simply met, discussed matters of common interest, acted in similar ways, or perhaps helped one another. You must find that there was a plan to commit at least one of the crimes alleged in the indictment as an object of the conspiracy with all of you agreeing as to the particular crime which the conspirators agreed to commit.

One becomes a member of a conspiracy by willfully participating in the unlawful plan with the intent to advance or further some object or purpose of the conspiracy, even though the person does not have full knowledge of all the details of the conspiracy. Furthermore, one who willfully joins an existing conspiracy is as responsible for it as the originators. On the other hand, one who has no knowledge of a conspiracy, but happens to act in a way which furthers some object or purpose of the conspiracy, does not thereby become a conspirator. Similarly, a person does not become a conspirator merely by associating with one or more persons who are conspirators, nor merely by knowing that a conspiracy exists.

A conspiracy, may continue for a long period of time and may include the performance of many transactions.  It is not necessary that all members of a conspiracy join it at the same time, and one may become a member of a conspiracy without full knowledge of all the details of the unlawful scheme or the names, identities, or locations of all of the other members.

Even though a defendant did not directly conspire with other conspirators in the overall scheme, the defendant has, in effect, agreed to participate in the conspiracy if it is proved beyond a reasonable doubt that:

(1) the defendant directly conspired with one or more conspirators to carry out at least one of the objects of the conspiracy;

(2) the defendant knew or had reason to know that other conspirators were involved with those with whom the defendant directly conspired; and

(3) the defendant had reason to believe that whatever benefits the defendant might get from the conspiracy were probably dependent upon the success of the entire venture.

It is no defense that a person's participation in a conspiracy was minor or for a short period of time.

**Instruction 24: Count Two–Conspiracy to Commit Murder in Aid of Racketeering**

Each defendant is charged in Count Two of the indictment with conspiracy to commit murder in aid of racketeering, in violation of Section 1959 of Title 18 of the United States Code.  In order for each defendant to be found guilty of that charge, the Government must prove each of the following elements beyond a reasonable doubt:

First, during the time period charged in the indictment, an enterprise affecting interstate commerce existed;

Second, the enterprise engaged in racketeering activity;

Third, each defendant conspired to commit murder; and

Fourth, each defendant's purpose in conspiring to commit murder was to gain entrance to, or to maintain or to increase his position in, the enterprise.

With respect to the fourth element, the United States is not required to prove that the defendant was solely, exclusively, or even primarily motivated by a desire to gain entry into, or maintain or increase his status within, the criminal organization.  To satisfy the fourth element, however, the United States must prove that the enterprise-related motivation was more than merely incidental.  It must be within the defendant's general purpose or, alternatively, the violence committed must be in some way integral to the defendant's membership in the organization.

**Instruction 25: Count Three – Conspiracy to Commit Assault with a Dangerous Weapon in Aid of Racketeering**

Each defendant is charged in Count Three of the indictment with conspiracy to commit assault with a dangerous weapon in aid of racketeering, in violation of Section 1959 of Title 18 of the United States Code.  In order for each defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

First, during the time period charged in the indictment, an enterprise affecting interstate commerce existed;

Second, the enterprise engaged in racketeering activity;

Third, each defendant conspired to commit assault with a deadly weapon; and

Fourth, each defendant's purpose in conspiring to commit murder was to gain entrance to, or to maintain or increase his position in, the enterprise.

With respect to the fourth element, the United States is not required to prove that the defendant was solely, exclusively, or even primarily motivated by a desire to gain entry into, or maintain or increase his status within, the criminal organization.  To satisfy the fourth element, however, the United States must prove that the enterprise-related motivation was more than merely incidental.  It must be within the defendant's general purpose or, alternatively, the violence committed must be in some way integral to the defendant's membership in the organization.

I will instruct you on the elements of assault with a dangerous weapon later.

## Instruction 26: Count Four – Use/Possession of Firearm in
## Furtherance of Crime of Violence

Defendants Marvin Carcamo, Angel Noel Guevara, Moris Flores, and Walter Cruz-Zavala are charged in Count Four of the Indictment, with use and possession of a firearm during and in relation to a crime of violence, namely the racketeering conspiracy charged in Count one of this Indictment, the conspiracy to commit murder in aid of racketeering charged in Count Two of this Indictment, and the conspiracy to commit assault with a dangerous weapon in aid of racketeering charged in Count Three of this indictment.

In order for each defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

First, the defendant committed at least one of the crimes charged in Counts One, Two or Three of the Indictment, which I instruct you is a crime of violence, with all of you agreeing on which crime or crimes he committed;

Second, the defendant knowingly possessed the firearm; and

Third, the defendant possessed the firearm in furtherance of at least one of the crimes charged in Counts One, Two or Three of the Indictment.

A person "possesses" a firearm if the person knows of its presence and has physical control of it, or knows of its presence and has the power and intention to control it.

You do not need to identify the specific firearm or firearms possessed by each defendant.

Government's Proposed Jury Instructions
CR 08-730 WHA                    34

**Instruction 27:  Possession — Defined**

A person has possession of something if the person knows of its presence and has physical control of it, or knows of its presence and has the power and intention to control it.

More than one person can be in possession of something if each knows of its presence and has the power and intention to control it.

**Instruction 28:  Knowingly — Defined**

An act is done knowingly if the defendant is aware of the act and does not act through ignorance, mistake, or accident.  The government is not required to prove that the defendant knew that his acts or omissions were unlawful.  You may consider evidence of the defendant's words, acts, or omissions, along with all the other evidence, in deciding whether the defendant acted knowingly.

**Instruction 29: Counts 8, 9,12, 15, 16 – Use/Possess, Brandish, Discharge of Firearm**

Defendant Erick Lopez is charged in Count Eight of the indictment with using and possessing, brandishing, and discharging a firearm during and in relation to a crime of violence, namely the murder in aid of racketeering of Ernad Joldic and the murder in aid of racketeering of Phillip Ng.  Lopez is also charged in Count Nine with a second count of the same offense, this time during and relation to the racketeering-related conspiracies charged in Counts One, Two, and Three of the indictment.

Defendant Jonathan Cruz-Ramirez is charged in Count Twelve of the Indictment with using and possessing, brandishing, and discharging a firearm during and in relation to a crime of violence, namely the murder in aid of racketeering of Juan Rodriguez. Cruz-Ramirez and Guillermo Herrera are both charged in Count Fifteen of the Indictment with using and possessing, brandishing, and discharging a firearm during and in relation to the murder in aid of racketeering of Armando Estrada.  Cruz-Ramirez is also charged in Count Sixteen of the Indictment with using and possessing, brandishing, and discharging a firearm during and in relation to the racketeering-related conspiracies charged in Counts One, Two, and Three of the indictment.

In order for each defendant to be found guilty of these charges, the government must prove each of the following elements beyond a reasonable doubt:

First, the defendant committed the crime of violence charged in the respective count;

Second, the defendant knowingly possessed, brandished, and discharged the firearm; and

Third, the defendant possessed, brandished, and discharged the firearm in furtherance of at least one of the crimes of violence charged in the respective count of the Indictment.

As I explained earlier, a person "possesses" a firearm if the person knows of its presence and has physical control of it, or knows of its presence and has the power and intention to control it.

A person "brandishes" a firearm if the person displays all or part of the firearm, or

Government's Proposed Jury Instructions
CR 08-730 WHA                37

otherwise makes the presence of the firearm known to another person, in order to intimidate that person, regardless of whether the firearm is directly visible to that person.

You do not need to identify the specific firearm or firearms possessed by each defendant.

**Instruction 30: Counts 7, 11, 14 — Use/Possession of firearm in furtherance of crime of violence resulting in murder**

Defendant Erick Lopez is charged in Count Seven with use and possession of a firearm during and in relation to a crime of violence resulting in murder, namely the murders in aid of racketeering of Ernad Joldic and Phillip Ng.

Defendant Jonathan Cruz-Ramirez is charged in Count Eleven with use and possession of a firearm during and in relation to a crime of violence resulting in murder, namely the murder in aid of racketeering of Juan Rodriguez.

Defendants Cruz-Ramirez and Guillermo Herrera are both charged in Count Fourteen with use and possession of a firearm during and in relation to a crime of violence resulting in murder, namely the murder in aid of racketeering of Armando Estrada.

In order for each defendant to be found guilty of each charge, the government must prove each of the following elements beyond a reasonable doubt:

First, the defendant committed at least one of the crimes of violence charged in respective count;

Second, the defendant knowingly possessed the firearm;

Third, the defendant possessed the firearm in furtherance of the crime of violence charged in the respective count of the indictment; and

Fourth, the use of the firearm resulted in murder.

For the purposes of these counts of the indictment, murder is defined as murder with malice aforethought, as I will explain later.

Government's Proposed Jury Instructions
CR 08-730 WHA                    39

**Instruction 31:  Counts 5, 6, 10, 13 — Violent Crime (Murder)**

**in Aid of Racketeering**

Defendant Erick Lopez is charged in Counts Five and Six, defendant Jonathan Cruz-Ramirez is charged in Counts Ten and Thirteen, defendant Guillermo Herrera is charged in Count Thirteen, with committing murder in aid of racketeering, in violation of Section 1959 of Title 18 of the United States Code.  In order for each defendant to be found guilty of each charge, the government must prove each of the following elements beyond a reasonable doubt:

First, that a criminal organization exists;

Second, that the organization is an enterprise engaged in racketeering activity;

Third, that the defendant committed the violent crime of murder; and

Fourth, that the defendant acted for the purpose of gaining entrance to, or maintaining or increasing his position in, the enterprise engaged in racketeering activity.

With respect to the fourth element, the United States is not required to prove that the defendant was solely, exclusively, or even primarily motivated by a desire to gain entry into, or maintain or increase his status within, the criminal organization.  To satisfy the fourth element, however, the United States must prove that the enterprise-related motivation was more than merely incidental.  It must be within the defendant's general purpose or, alternatively, the violence committed must be in some way integral to the defendant's membership in the organization.

In order for the defendant to have committed murder, the government must prove beyond a reasonable doubt that the defendant committed the crime with malice aforethought.

As I explained earlier, to prove that the defendant is guilty of murder with malice aforethought, the government must prove each of the following elements beyond a reasonable doubt:

First, the defendant committed an act that caused the death of another person; and

Second, when the defendant acted, he had a state of mind called malice aforethought.

There are two kinds of malice aforethought, express malice and implied malice. Proof of either is sufficient to establish the state of mind required for murder.

The defendant acted with express malice if he unlawfully intended to kill.

The defendant acted with implied malice if:

(1) he intentionally committed an act;

(2) the natural consequences of the act were dangerous to human life;

(3) at the time he acted, he knew his act was dangerous to human life; and

(4) he deliberately acted with conscious disregard for human life.

Malice aforethought does not require hatred or ill will toward the victim. It is a mental state that must be formed before the act that causes death is committed. It does not require deliberation or the passage of any particular period of time.

**Instruction 32:  Racketeering Enterprises Generally**

Counts Five, Six, Ten and Thirteen, which I have just instructed you about, along with Counts Twenty-Five, Twenty-Six, Twenty-Seven, Twenty-Eight, Twenty-Nine, and Thirty, about which I will instruct you shortly, are all called "Violent Crime in Aid of Racketeering," or "VICAR" charges.  At this point, I will provide you general instructions related to those VICAR counts.  They apply equally to all the VICAR counts.

For purposes of these Counts, an "enterprise" includes any partnership, corporation, association, or other legal entity, and any union or group of individuals associated in fact although not a legal entity, which is engaged in, or the activities of which affect, interstate or foreign commerce.

"Racketeering activity" includes all racketeering acts defined for you previously.

An associated-in-fact enterprise need not have any particular organizational structure.  Rather, the United States must prove a group of persons associated together for a common purpose of engaging in a course of conduct.  The United States must prove an ongoing organization, formal or informal, and that the various associates of the organization functioned as a continuing unit.  To prove a continuing unit, it is not necessary to prove that every member of the organization was involved in every underlying act of racketeering or that the acts of racketeering be interrelated, but the associates' racketeering behavior must be ongoing rather than isolated.

The phrase "engaged in, or the activities of which affect interstate or foreign commerce," as used in these instructions, means to be involved in or to affect in some way trade, business, or travel between the states or between the United States and a foreign country.

The impact on interstate or foreign commerce must be proved, but it need only be a minimal impact on interstate or foreign commerce. To establish the minimal impact on interstate or foreign commerce, the United States need not show that the defendant's acts actually affected interstate or foreign commerce. Rather, this requirement is satisfied by proof of a probable or potential impact.

It is not necessary for the United States to prove that the defendant knew that the enterprise would affect interstate or foreign commerce or to prove that the defendant intended to affect interstate or foreign commerce.

**Instruction 33:  Counts 25, 27 and 29 — Violent Crime (Assault with a Dangerous Weapon) in Aid of Racketeering**

The defendant Angel Noel Guevara is charged in Counts Twenty-Five, Twenty-Seven and Twenty-Nine of the indictment with committing assault with a dangerous weapon in aid of racketeering, in violation of Section 1959 of Title 18 of the United States Code.  In order for the defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

First, that a criminal organization exists;

Second, that the organization is an enterprise engaged in racketeering activity;

Third, that the defendant committed the violent crime of assault with a dangerous weapon; and

Fourth, that the defendant acted for the purpose of gaining entrance to, or maintaining or increasing his position in, the enterprise engaged in racketeering activity.

With respect to the fourth element, the United States is not required to prove that the defendant was solely, exclusively, or even primarily motivated by a desire to gain entry into, or maintain or increase his status within, the criminal organization.  To satisfy the fourth element, however, the United States must prove that the enterprise-related motivation was more than merely incidental.  It must be within the defendant's general purpose or, alternatively, the violence committed must be in some way integral to the defendant's membership in the organization.

In order for the defendant to have committed the violent crime of assault with a dangerous weapon, the government must prove each of the following elements beyond a reasonable doubt:

First, the defendant did an act with a dangerous weapon that by its nature would directly and probably result in the application of force to a person;

Second, the defendant did that act willfully;

Third, when the defendant acted, he was aware of facts that would lead a reasonable person to realize that his act by its nature would directly and probably result in the application of force to someone; and

Fourth, when the defendant acted, he had the present ability to apply force with a dangerous weapon to a person.

Someone commits an act "willfully" when he does it willingly or on purpose. It is not required that he intend to break the law, hurt someone else, or gain any advantage.

The government is not required to prove that the defendant actually intended to use force against someone when he acted. No one needs to actually have been injured by the defendant's act. But if someone were injured, you may consider that fact, along with all the other evidence, in deciding whether the defendant committed an assault.

**Instruction 34:  Counts Twenty-Six, Twenty-Eight, and Thirty—Violent Crime (Attempted Murder) in Aid of Racketeering**

The defendant Angel Noel Guevara is charged in Counts Twenty-Six, Twenty-Eight, and Thirty of the indictment with committing attempted murder in aid of racketeering, in violation of Section 1959 of Title 18 of the United States Code.  In order for the defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

First, that a criminal organization exists;

Second, that the organization is an enterprise engaged in racketeering activity;

Third, that the defendant committed the violent crime of attempted murder; and

Fourth, that the defendant acted for the purpose of gaining entrance to, or maintaining or increasing his position in, the enterprise engaged in racketeering activity.

With respect to the fourth element, the United States is not required to prove that the defendant was solely, exclusively, or even primarily motivated by a desire to gain entry into, or maintain or increase his status within, the criminal organization.  To satisfy the fourth element, however, the United States must prove that the enterprise-related motivation was more than merely incidental.  It must be within the defendant's general purpose or, alternatively, the violence committed must be in some way integral to the defendant's membership in the organization.

In order for the defendant to have committed the violent crime of attempted murder, the government must prove each of the following elements beyond a reasonable doubt:

First, the defendant took at least one direct but ineffective step toward killing another person; and

Second, the defendant intended to kill the other person.

A "direct step" requires more than merely planning or preparing to commit murder or obtaining or arranging for something needed to commit murder.  A direct step is one

that goes beyond planning or preparation and shows that a person is putting his or her plan into action.  A direct step indicates a definite and unambiguous intent to kill.  It is a direct movement towards the commission of the crime after preparations are made.  It is an immediate step that puts the plan in motion so that the plan would have been completed if some circumstance outside the plan had not interrupted the attempt.

An intent to kill does not require hatred or ill will toward the victim.  It is a mental state that must be formed at or before any "direct step" is taken.  It does not require deliberation or the passage of any particular period of time.

**Instruction 35: Aiding and Abetting**

A defendant may be found guilty of a crime even if the defendant personally did not commit the act or acts constituting the crime but, instead, aided and abetted in the crime's commission.  To prove a defendant guilty of aiding and abetting, the government must prove beyond a reasonable doubt:

First, [specify crime charged] was committed by someone;

Second, the defendant knowingly and intentionally aided, counseled, commanded, induced, or procured that person to commit the crime; and

Third, the defendant aided, counseled, commanded, induced, or procured the underlying crime's commission before the crime was committed.  It is not enough that the defendant merely associated with the person committing that crime, or unknowingly or unintentionally did things that were helpful to that person, or was present at the scene of the crime.  The evidence must show beyond a reasonable doubt that the defendant acted with the knowledge and intention of helping that person commit the underlying crime.

The government is not required to prove precisely which defendant actually committed the crime and which defendant aided and abetted.

See Ninth Circuit Model Instruction 5.1.

Government's Proposed Jury Instructions
CR 08-730 WHA                    48

1

**Instruction 36: <u>Pinkerton</u> Liability**

2

3        Each member of a conspiracy is responsible for the actions of the other

4  conspirators performed during the course and in furtherance of the conspiracy.  If one

5  member of a conspiracy commits a crime in furtherance of a conspiracy, the other

6  members have also, under the law, committed that crime.

7        Therefore, you may find the defendant guilty of [specify crime] as charged in

8  Count ____ of the indictment if the government has proved each of the following

9  elements beyond a reasonable doubt:

10        First, a person named in Count ___ of the indictment committed the crime of

11  [specify crime] as alleged in that count;

12        Second, the person was a member of the conspiracy charged in Count ___ of the

13  indictment;

14        Third, the person committed the crime of [specify crime] in furtherance of the

15  conspiracy;

16        Fourth, the defendant was a member of the same conspiracy at the time the offense

17  charged in Count ___ was committed; and

18        Fifth, the offense charged in Count ___ fell within the scope of the unlawful

19  agreement and could reasonably have been foreseen to be a necessary or natural

20  consequence of the conspiracy.

21

22        <u>See</u> Ninth Circuit Model Instruction 8.25; <u>United States</u> v. <u>Fonseca-Caro</u>, 114 F.3d

23  906, 908 (9th Cir. 1997) (per curiam) (setting forth elements for <u>Pinkerton</u> liability as:

24  "(1) the substantive offense was committed in furtherance of the conspiracy; (2) the

25  offense fell within the scope of the unlawful project; and (3) the offense could reasonably

26  have been foreseen as a necessary or natural consequence of the unlawful agreement.")

27

28

1

2

**Instruction 37:  On or About—Explained**

3

        The indictment charges that the offenses alleged were committed "on or about"

4

certain dates or "in or about" certain months or years.  Although it is necessary for the

5

government to prove beyond a reasonable doubt that the offenses were committed on

6

dates reasonably near the relevant dates alleged in the indictment, it is not necessary for

7

the government to prove that the offenses were committed precisely on the dates charged.

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**Instruction 38:  Duty to Deliberate**

When you begin your deliberations, you should elect one member of the jury as your foreperson.  That person will preside over the deliberations and speak for you here in court.

You will then discuss the case with your fellow jurors to reach agreement if you can do so.  Your verdict, whether guilty or not guilty, must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all the evidence, discussed it fully with the other jurors, and listened to the views of your fellow jurors.

Do not be afraid to change your opinion if the discussion persuades you that you should.  But do not come to a decision simply because other jurors think it is right.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision.  Do not change an honest belief about the weight and effect of the evidence simply to reach a verdict.

**Instruction 39:  Consideration of Evidence**

Your verdict must be based solely on the evidence and on the law as I have given it to you in these instructions.  However, nothing that I have said or done is intended to suggest what your verdict should be—that is entirely for you to decide.

1

2

**Instruction 40:  Use of Notes**

3        Some of you have taken notes during the trial.  Whether or not you took notes, you

4  should rely on your own memory of what was said.  Notes are only to assist your memory.

5  You should not be overly influenced by the notes.

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**Instruction 41:  Jury Consideration of Punishment**

You may not consider punishment in deciding whether the government has proved its case against the defendant beyond a reasonable doubt.

**Instruction 42:  Verdict Form**

A verdict form has been prepared for you.  After you have reached unanimous agreement on a verdict, your foreperson will fill in the form that has been given to you, sign and date it and advise the Court that you are ready to return to the courtroom.

**Instruction 43:  Communication With Court**

        If it becomes necessary during your deliberations to communicate with me, you may send a note through the bailiff, signed by your foreperson or by one or more members of the jury.  No member of the jury should ever attempt to communicate with me except by a signed writing, and I will respond to the jury concerning the case only in writing, or here in open court.  If you send out a question, I will consult with the lawyers before answering it, which may take some time.  You may continue your deliberations while waiting for the answer to any question.  Remember that you are not to tell anyone—including me—how the jury stands, numerically or otherwise, on the question of the guilt of the defendant, until after you have reached a unanimous verdict or have been discharged.