STEPHANIE M. HINDS (CABN 154284)
United States Attorney

THOMAS A. COLTHURST (CABN 99493)
Chief, Criminal Division

ANDREW M. SCOBLE (CABN 124940)
Assistant United States Attorney

    450 Golden Gate Avenue, Box 36055
    San Francisco, California 94102-3495
    Telephone: (415) 436-7249
    FAX: (415) 436-7234
    Email:  andrew.scoble@usdoj.gov

Attorneys for United States of America

FILED
Mark B. Busby
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| UNITED STATES OF AMERICA, | ) CASE NO. 08-cr-0730 WHA |
|---|---|
| Plaintiff, | ) [~~PROPOSED~~] DETENTION ORDER |
| v. | ) |
| ABRAHAM MARTINEZ, | ) |
| Defendant. | ) |

On March 28, 2022 defendant Abraham Martinez was charged by Amended Form 12 (Dkt. 6863) with two new violations of the terms and conditions of his supervised release, in violation of 18 U.S.C. § 3583.

This matter came before the Court on April 1, 2022, for the defendant's initial appearance on the Amended Form 12, in the course of which the United States Probation Office and the government requested detention. The Court heard the parties' proffers and arguments. The defendant was present (via Zoom, to which form of appearance he consented through counsel), and was represented by George Harris. Assistant United States Attorney Andrew M. Scoble appeared for the government. United States Probation Officer Jennifer Hutchings appeared for the U.S. Probation Office. As noted, the government moved for detention, and the defendant opposed.

1   As a preliminary matter, the Court notes that, pursuant to Federal Rule of Criminal Procedure
2   32.1(a)(6), the defendant bears the burden of establishing by clear and convincing argument that he is
3   not likely to flee or to pose a danger to the safety of any other person or the community if released under
4   18 U.S.C. § 3142(b) or (c).  *See also* 18 U.S.C. § 3143(a)(1).

5   Upon consideration of the facts, proffers and arguments presented, and for the reasons stated on
6   the record, the Court finds that the defendant has not carried his burden of proving by clear and
7   convincing evidence that he is not likely to pose a danger to the community if released.  Accordingly,
8   the defendant must be detained pending a hearing on his supervised release violation.  The Court notes
9   that the parties are already scheduled to appear before District Judge William Alsup on April 12, 2022 at
10  2:00 p.m. for further proceedings on the Form 12.

11  The present order supplements the Court's findings and order at the detention hearing and serves
12  as written findings of fact and a statement of reasons as required by Title 18, United States Code,
13  Section 3142(i)(1).  As noted on the record, the Court makes the following findings as the bases for its
14  conclusion that the defendant has not borne his burden of establishing by clear and convincing evidence
15  that he is not likely to pose a danger to any other person or the community if released:

- The defendant was arrested after California Highway Patrol officers responded to a crash on the Bay Bridge at approximately 2:00 a.m. on March 28, 2022.  It was proffered that the defendant had crashed his car into the center divider on the Bay Bridge.  Defense counsel proffered that his client did crash at the time and place; that he sustained sufficient injury in the crash to require transportation to a hospital; and that he was then arrested on a Misdemeanor charge of Driving Under the Influence (California Penal Code section 23152).  Defense counsel argued that the responsibility for the crash is not yet determined.  The government noted that the law enforcement report has not yet been received by the U.S. Probation Office; the Court ordered that all relevant discovery be provided to the parties when received.

- The government noted that the defendant had recently appeared before Judge Alsup (on March 22, 2022) on the underlying Form 12, at which time the defendant rejected a proposal that he enter a halfway house.  The matter was continued on Judge Alsup's calendar for further

proceedings on April 12, 2022. The government argued that the defendant's violation here, in light of the record, evidences the danger he poses to the public by driving under the influence,

- The Court noted that the crash in question occurred on the Bay Bridge. The Court is aware of the public's frequent and often heavy use of that bridge. The Court is also aware from the record (including the Amended Form 12 itself) that the defendant has demonstrated a recurring problem with substance abuse. The Court notes that the terms and conditions of supervised release include abstaining from alcohol and drugs.
- At the hearing, the U.S. Probation Officer noted that her willingness to explore modification of the terms and conditions of supervision that could entail residential drug treatment in place of custody.
- This finding is made without prejudice to the defendant's right to seek review of defendant's detention, or file a motion for reconsideration if circumstances warrant it.

Pursuant to 18 U.S.C. § 3142(i), IT IS ORDERED THAT:

1. The defendant be, and hereby is, committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal;

2. The defendant be afforded reasonable opportunity for private consultation with counsel; and

3. On order of a court of the United States or on request of an attorney for the government, the person in charge of the corrections facility in which the defendant is confined shall deliver the defendant to an authorized United States Marshal for the purpose of any appearance in connection with a court proceeding.

IT IS SO ORDERED.

DATED: April 4, 2022

HON. THOMAS S. HIXSON
United States Magistrate Judge